JUDGE RAMOS  **14 CV 7927**

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PARIS RYAN,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, JOHN AND JANE
DOES, 1-10, ET AL.,

                Defendants.

------------------------------------------------------------------X



**COMPLAINT**

Jury Trial

       Plaintiff PARIS RYAN by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff is an African-American, 52 year old, citizen of the United States, and a resident of the County, City and State of New York.

7.      Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendants John and Jane Does are officers who acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9.      On December 13, 2012, plaintiff was in the vicinity of West 157th street, when he telephoned his friend to see whether he was home.

10. When plaintiff found out that his friend was not home, he decided to leave the vicinity when he was stopped by defendant police officers.

11. Defendants inquired why plaintiff was in the vicinity. After plaintiff explained to them that he was visiting his friend, defendants got of their car and stopped and frisked plaintiff.

12. Defendants then prevented plaintiff from leaving the vicinity and continued to ask him questions.

13. Plaintiff, who felt like he was being harassed, refused to answer the questions because he had committed no crime.

14. However, defendants nevertheless arrested him on three separate false charges of trespassing and transported him to a precinct.

15. After spending more than 30 hours in custody, plaintiff was brought before a judge who released him on his own recognizance.

16. Plaintiff made countless appearances for his court dates until the charges against him were dismissed.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest-Fourth Amendment)

17. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "16" with the same force and effect as if fully set forth herein.

18. There was no probable cause for the arrest or the continued incarceration

of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

19. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

20. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "19" with the same force and effect as if fully set forth herein.

21. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

22. As a result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

25. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein. The defendant City's lack of training for defendants and having a de facto policy to arrest individuals for "trespassing" when these individuals have a legitimate reason to be present at the vicinity of the buildings resulted in violation of plaintiff's civil rights.

26. This de facto policy has been subject to numerous lawsuits and was subject to a judgment against the City on behalf of class plaintiffs by a recent decision by the SDNY.

27. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

28. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual

Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

29. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. Defendants knew that by falsely accusing plaintiff of trespassing even though he was merely waiting for his friend to come out of her building.

32. Due to Defendants' actions, Plaintiff was deprived of life and liberty interest.

33. Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff and yet failed to drop the charges, and instead did pursue the charges knowing full well that the charges were trumped up. Defendants then failed to show up for the hearing and the charges against plaintiff were dismissed

34. As a result, plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 29, 2014

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Robert Blossner, Esq. (RB0526)
Vik Pawar, Esq. (VP9101)
*Attorneys for Plaintiff*